**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CYNTHIA SMITH,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-1439** |
| | : | |
| **NCB MANAGEMENT SERVICES,** | : | |
| **Defendant.** | : | |

# MEMORANDUM

**KENNEY, J.** **SEPTEMBER 21, 2026**

Plaintiff Cynthia Smith commenced this civil action by filing a *pro se* Complaint, alleging that Defendant NCB Management Services ("NCB") owes her money after NCB reported an account on her credit report. Smith has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (*See* ECF No. 7.) For the following reasons, the Court will grant Smith leave to proceed *in forma pauperis* and dismiss her Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## I. FACTUAL ALLEGATIONS[1]

The facts in Smith's Complaint are brief and difficult to understand. She states that she "sent a trust unpaid lien notice" to NCB to "put them on notice" of "the first obligation" so that it would "stop reporting on credit," which NCB allegedly ignored and continued to report on her credit. (Compl. at 4.) Smith also states that credit reporting "could delay the first obligation trust security agreement from getting paid off in a reasonable time," and that NCB is "now responsible for the trust security violation pay off." (*Id.*) She alleges that NCB also violated the Fair Credit Reporting Act ("FCRA"). Smith attaches to her Complaint a "Notice of Lien," which lists herself

[1] The facts set forth in this Memorandum are taken from Smith's Complaint (ECF No. 1). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

as the "Trustee" of the "Cynthia Smith Revocable Living Trust" and Defendant NCB Management Services as the "Lien Holder." (*Id*. at 7.) The document states:

> I **Cynthia Smith** (Trustee) of **Cynthia Smith** **Revocable Living Trust** send you **Lien Holder**, a notice letting you know there is a lien on **Cynthia Smith** Assets which includes the following:
>
> **NCB Management Services – Credit**
>
> NO ASSETS OR MONEY CAN BE Recouped until the lien of **$1,000,000.00** is PAID IN FULL to the **Cynthia Smith** **Revocable Living Trust**.
>
> If you violate this notice by NO RESPONSE, CONTINUE TO REPORT the Listed Assets or even Send a Letter stating you will CONTINUE TO REPORT the LISTED asset or assets on **Cynthia Smith** **Credit report to credit bureaus after** being notified with this notice, you now opt in to paying **Cynthia Smith** **Revocable Living Trust**.

(*Id*. (emphasis in original).)

Smith lists the Contracts Clause of the U.S. Constitution as the basis for jurisdiction. (*Id*. at 3.) For relief, she seeks $1,000,000, as a "violation of trust security agreement paid off," statutory damages under the FCRA, and that her credit report lists the account as "paid off" and "in good standing." (*Id*. at 4.)

## II. STANDARD OF REVIEW

The Court will grant Smith's motion for leave to proceed *in forma pauperis*. Accordingly, her Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim. A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). As Smith is proceeding *pro*

*se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

## III. DISCUSSION

As best the Court can discern from the Complaint, Smith alleges that, in response to NCB's reporting of an account on her credit report, she sent NCB a "Notice of Lien" demanding that it cease reporting the account to the credit bureaus or else pay her one million dollars for an alleged "trust security violation." NCB allegedly did not respond to the Notice or pay Smith one million dollars. Smith now sues NCB in this Court, claiming entitlement to one million dollars for the "trust security violation" as well as statutory damages for NCB's alleged violations of the FCRA. The basis of Smith's claims is not clear. However, her allegations are frivolous, and as such, do not support a plausible claim.[2]

Smith cites the FCRA. In the language of the FCRA, credit reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

---

[2] Smith does not identify herself as a sovereign citizen. However, her allegations manifest the features of the sovereign citizen theory. She refers to herself as the "Trustee" of the "Cynthia Smith Revocable Living Trust," and appears to attempt to "unilaterally create a lien against a corporation and enforce it when the recipient ignores it," which is "a hallmark of sovereign-citizen legal theories." *Smith v. Target*, No. 26-1745, 2026 WL 1031159, at *4 (D. Minn. Apr. 16, 2026) (citing cases). Claims predicated on sovereign-citizen-style arguments and concepts have been summarily rejected by courts as frivolous. *See Ewans v. New Jersey*, No. 25-1368, 2025 WL 2630569, at *1 (3d Cir. Sept. 12, 2025) (summarily affirming dismissal of complaint "replete with sovereign-citizen-like legal jargon"); *Washam v. Superintendent Dallas SCI*, No. 21-3073, 2022 WL 1402054, at *1 (3d Cir. May 4, 2022) (affirming dismissal, without leave to amend, of complaint composed "largely of frivolous Sovereign-Citizen-like arguments and legal jargon that was by turns inapposite and indecipherable"); *see also United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("These [sovereign-citizen] theories should be rejected summarily, however they are presented." (citations omitted)).

"[U]nder the FCRA, 15 U.S.C. § 1681s-2(b) [is] the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information." *Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) (internal quotation marks and citation omitted). To state a plausible claim under § 1681s-2(b) against a furnisher of information, such as NCB, Smith must allege that she "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016), *aff'd*, 696 F. App'x 87 (3d Cir. 2017); *see also* 15 U.S.C. § 1681s-2(b). Nothing in Smith's Complaint suggests a basis for a claim under § 1681s-2(b).

To the extent Smith asserts a Contracts Clause claim by referencing Article 1, Section 10 of the United States Constitution, the claim must be dismissed. NCB is not a state actor subject to liability under § 1983 for a constitutional violation. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). NCB is a private bank and not a state actor. *See Bailey v. Harleysville Nat'l Bank & Tr.*, 188 F. App'x 66, 68 (3d Cir. 2006) (*per curiam*) (concluding that a bank is not a state actor and stating that "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment" (quoting *Jackson v. Metro Edison Co*., 419 U.S. 345, 350 (1974))). In addition, even if NCB were a state actor, Smith has not alleged a violation of the Contracts Clause,

which provides that "[n]o state shall . . . pass any . . . Law impairing the Obligation of Contracts." U.S. Const. art. 1, § 10, cl. 1. A Contracts Clause claim is based on allegations that a "change in state law has 'operated as a substantial impairment of a contractual relationship.'" *Mabey Bridge & Shore, Inc. v. Schoch*, 666 F.3d 862, 874 (3d Cir. 2012) (quoting *Gen. Motors Corp. v. Romein*, 503 U.S. 181, 186 (1992)). Smith has not alleged any change in state law nor an impaired contractual relationship.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Smith leave to proceed *in forma pauperis* and dismiss her Complaint as factually and legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Leave to amend will not be given, as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp*., 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate order follows.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, J.**